Filed 9/15/20  P. v. Dusablon CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CAMERON DUSABLON,<br><br>    Defendant and Appellant. | 2d Crim. No. B302577<br>(Super. Ct. No. 2018029780)<br>(Ventura County) |

Cameron Dusablon appeals a judgment following conviction of providing drugs to a person confined in jail, with a finding that he served a prior prison term.  (Pen. Code, §§ 4573.9, subd. (a), 667.5, subd. (b).)[1]  We strike the prior prison term enhancement, reverse and remand for resentencing, but otherwise affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On August 19, 2019, Dusablon pleaded guilty to providing drugs to a person confined in jail, and admitted suffering a prior serious felony strike conviction and serving two prior prison

---

[1] All statutory references are to the Penal Code.

terms. (§§ 4573.9, subd. (a), 667, subds. (c) & (e), 1170.12, subds. (a) & (c), 667.5, subd. (b).) The prosecutor agreed that the trial court could impose any authorized sentence; the maximum sentence that could be imposed was 10 years. On September 17, 2019, the trial court sentenced Dusablon to a prison term of 28 months, including 16 months midterm for the crime and 12 months for the prior prison term enhancement. Pursuant to its tentative sentence commitment, the court struck the remaining findings.

The trial court also found that Dusablon lacked the financial ability to pay the public defender fee and the presentence investigation fee. The court then imposed a $300 restitution fine, a $300 parole revocation restitution fine (suspended), a booking fee, and other fees. It stayed the restitution fine and booking fee, however, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. In staying, the trial judge stated that he was referring the restitution fine and booking fee to the Department of Corrections and Rehabilitation and would "let them determine whether [Dusablon] has the ability to pay from wages and trust accounts placed on his books while he's a prisoner at the Department of Corrections on this case . . . ." Finally, the court awarded Dusablon 229 days of presentence custody credit.

Dusablon appeals and contends that: 1) the prior prison term enhancement must be struck pursuant to recent amendments to section 667.5, subdivision (b), and 2) the trial court erred by ordering the Department of Corrections and Rehabilitation to determine his financial ability to pay the restitution fine and booking fee. The Attorney General concedes.

*DISCUSSION*

*I.*

Dusablon argues that the prior prison term enhancement must be struck in view of the recent amendment to section 667.5, subdivision (b).

Effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b) to provide: "[T]he court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code . . . ." (Stats. 2019, ch. 590, § 1.) Dusablon asserts that he may not be punished for his one-year prior prison term enhancement because the prison term was served for identity theft, not for an enumerated sexually violent offense.

" 'When the Legislature amends a statute so as to lessen the punishment[,] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final.' " (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307.)

Dusablon's judgment is not yet final and thus Senate Bill No. 136 applies to him. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 682.) The Attorney General properly requests a remand for resentencing in order that the trial court may

reconsider its sentencing options. (*People v. Stamps* (2020) 9 Cal.5th 685; *People v. Buycks* (2018) 5 Cal.5th 857, 893; *Jennings*, at p. 682.) Dusablon's plea was not a negotiated plea with specific terms. Accordingly, we strike the one-year prior prison term enhancement and reverse and remand for resentencing to permit the trial court to exercise its sentencing discretion in light of changed circumstances.

## II.

Dusablon asserts, and the Attorney General agrees, that the trial court erred by ordering the Department of Corrections and Rehabilitation to determine Dusablon's ability to pay the restitution fine and booking fee from his prison wages and trust accounts. (See *People v. Neal* (2018) 29 Cal.App.5th 820, 826 [the trial court, not a probation officer, makes the final determination of a defendant's ability to pay a fee].) Upon remand, the court shall make a final determination of Dusablon's ability to pay the restitution fine and booking fee.

## DISPOSITION

We modify the judgment to strike the one-year prison term enhancement imposed pursuant to section 667.5, subdivision (b), and reverse and remand for resentencing as stated herein. We direct the trial court to prepare an amended abstract of judgment accordingly and to forward the amended abstract to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.          PERREN, J.


4

Bruce A. Young, Judge

Superior Court County of Ventura

_____


Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.